UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MLB CONSULTING, LLC | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:17-cv-0169 |
| | § |
| SUNDANCE ENERGY, INC. D/B/A SEA | § JURY |
| EAGLE FORD, LLC AND MESA | § |
| SOUTHERN WELL SERVICING, LP, | § |
| | § |
| Defendants. | § |

## DEFENDANT SUNDANCE ENERGY, INC.'S
## NOTICE OF REMOVAL

Defendant Sundance Energy, Inc. ("Sundance" or "Defendant"), incorrectly sued as "Sundance Energy, Inc. d/b/a Sea Eagle Ford, LLC," files its Notice of Removal of this action from the 79th Judicial District Court of Jim Wells County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On March 8, 2017, Plaintiff MLB Consulting, LLC ("MLB") commenced an action against Sundance Energy, Inc. and Mesa Southern Well Servicing, LP in the 79th Judicial District Court of Jim Wells County, Texas, styled *MLB Consulting, LLC v. Sundance Energy, Inc. d/b/a Sea Eagle Ford, LLC and Mesa Southern Well Servicing, LP*, where it was assigned Cause No. 17-03-56979-CV.

2. On April 18, 2017, Sundance was served with Plaintiffs' Original Petition (the "Complaint"). Removal is timely because more than thirty (30) days have not elapsed since Sundance was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Sundance is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 79th Judicial District Court of Jim Wells County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81, a copy of all processes, pleadings, orders signed by the state judge, the state court docket sheet, a complete list of all counsel of record, and an index of such documents are attached collectively as Exhibit A. Sundance has also filed contemporaneously with this notice a civil cover sheet.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

   **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. MLB seeks recovery of a sum "no less than $203,303.54." *See* Complaint at Prayer, Ex. A-3. Accordingly, the amount in controversy in this matter exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

  **(b) Complete diversity between Plaintiff and Sundance, the properly joined defendant, exists.**

  7. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). MLB was at the time of the filing of this action, has been at all times since, and is still an Oklahoma limited liability company whose members, based on information and belief, are all citizens of Oklahoma, or alternatively, of States other than Colorado.

  8. Corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and the state or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).

  9. The real Plaintiff in interest, National American Insurance Company ("National American"), is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma.

  10. Plaintiff incorrectly alleges that Sundance is a Texas corporation. Sundance is actually a corporation organized under the laws of the State of Colorado with its principal place of business in the State of Colorado.

  **(c) Defendant Mesa Southern Wells Servicing, LP is improperly joined.**

  11. Pursuant to 28 U.S.C. § 1441(b)(2), an action removed solely on diversity may not be removed if any of the properly joined and served defendants is a citizen of the state in which the action is brought. However, the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing actual fraud in pleading

jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).

12. Defendant Mesa Southern Well Servicing, LP ("Mesa") is no longer in existence and thus is not a resident citizen. *See* Original Answer, Ex. A-6. Mesa used to be a Texas limited partnership, whose partners, based on information and belief, were citizens of Texas. On May 31, 2014, however, Mesa merged with Mesa Southern CWS Acquisition, LP, a Texas limited partnership, and ceased to exist. *See* Certificate of Merger, Ex. A-8. As such, Mesa is improperly joined in that a non-existent entity is not capable of being sued. *See Petri v. Kestrel Oil & Gas Properties, L.P., et al.*, No. CIV.A. H-09-3994, 2011 WL 2181316, at *4 (S.D. Tex. June 3, 2011) (Suit can only be brought against a party that has a legal existence.); *Rojas v. Wells Fargo Bank, N.A.,* 571 Fed. Appx. 274, 277 (5th Cir. 2014) (Improper joinder can be shown by demonstrating the inability of the plaintiff to establish a cause of action against a named party.) Therefore, the Court should disregard the citizenship of Mesa for purposes of determining diversity jurisdiction.

13. Mesa's consent to this removal is not required because it was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Nevertheless, Mesa has consented to removal. A Consent to Removal executed on Mesa's behalf is attached as Exhibit A-9.

14. Accordingly, because the amount in controversy exceeds $75,000 and the citizenship of MLB and National American Title Insurance Company, on the one hand, and Sundance, on the other, are diverse, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Sundance Energy, Inc. prays that the above-described action now pending in the 79th Judicial District Court of Jim Wells County, Texas be removed to this Court.

Respectfully submitted,

  */s/James H. Moody, III*
JAMES H. MOODY, III
Texas Bar No. 14307400
S.D. No. 17723
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
hmoody@qslwm.com

**ATTORNEY FOR DEFENDANT**
**SUNDANCE ENERGY, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of May, 2017, a true and correct copy of the foregoing document was served in the manner designated below in accordance with the Federal Rules of Civil Procedure, upon all counsel of record:

| *Via Facsimile No. (713) 236-6880* | *Via E-mail:  brian@blakeleylawfirm.com* |
|---|---|
| Fred L. Shuchart | Brian L. Blakeley |
| COOPER & SCULLY, P.C. | BLAKELEY LAW FIRM |
| 815 Walker Street, Suite 1040 | 503 Avenue A, Suite 1121 |
| Houston, Texas 77002 | San Antonio, Texas 78215 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
|  | *Mesa Southern Well Servicing, LP* |

  */s/James H. Moody, III*
James H. Moody, III